**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VETERINARY PHARMACEUTICALS,
INC., a California corporation,

        Plaintiff,

vs.

STEVEN M. PUGLIESE, an individual;
ADVANCED SKIN TECHNOLOGIES,
INC., a Pennsylvania corporation; SASHA
TRUDNOWSKI, an individual; LINDA
TRUDNOWSKI, an individual; and ERIN
FERKETICH, an individual,

        Defendants.
_____

STEVEN M. PUGLIESE,

        Counterclaimant,

vs.

VETERINARY PHARMACEUTICALS,
INC.,

        Counterdefendant.
_____

STEVEN M. PUGLIESE,

        Third Party Plaintiff,

vs.

DANIEL L. RUDNICK,

        Third Party Defendant.

03-CV-838 MV/LCS

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss for Failure to Join an Indispensable Party Under Rule 19, filed May 7, 2004, **[Doc. No. 47]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## FACTUAL BACKGROUND

On or about June 1, 2002, Plaintiff/Counterdefendant Veterinary Pharmaceuticals, Inc. ("VPI") entered into a contractual agreement (the "Agreement") with AST West, Inc. ("AST West"), an entity owned and operated by Defendant/Counterclaimant/Third Party Plaintiff Steven M. Pugliese ("Pugliese"), in which AST West agreed to manufacture certain dairy sanitation products from raw materials provided by VPI and then to provide all of the products exclusively to VPI. Pugliese and Defendant Advanced Skin Technologies, Inc. ("Advanced Skin"), a Pennsylvania corporation owned and controlled by Pugliese, also signed the Agreement.

On July 17, 2003, VPI filed a complaint against AST West, Pugliese, and Advanced Skin, alleging breach of contract, conversion, and fraud. Seven days later, AST West filed for bankruptcy, thereby creating an automatic stay of any further proceedings against AST West. VPI subsequently dismissed AST West from this proceeding without prejudice and filed an Amended Complaint dropping the breach of contract claim and asserting conversion, conspiracy to commit conversion, fraud, conspiracy to commit fraud, and constructive trust claims. Pugliese filed a counterclaim against VPI asserting breach of contract, bad faith, defamation, and *prima facie* tort. Pugliese also filed a third party complaint against Third Party Defendant Daniel L.

Rudnick ("Rudnick") asserting civil conspiracy, defamation, and *prima facie* tort.

On March 31, 2004, AST West filed an Adversary Proceeding in the Bankruptcy Court against VPI and Rudnick alleging breach of contract, bad faith, defamation, and *prima facie* tort. VPI and Rudnick have not consented to the jurisdiction of the Bankruptcy Court to determine the claims brought in the Adversary Proceeding and have moved to dismiss the Adversary Proceeding, in part, due to a lack of subject matter jurisdiction.

Defendants filed the instant motion to dismiss the First Amended Complaint on the grounds that AST West is an indispensable party under Federal Rule of Civil Procedure 19.

## **DISCUSSION**

Federal Rule of Civil Procedure 19 requires the Court to perform a two-step analysis before dismissing a claim for failure to join an indispensable person. *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). First, the Court must determine whether the absent person is "necessary." *Id.* A person is "necessary" under Rule 19(a) if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

A necessary person must be joined as a party if joinder is feasible. *Rishell*, 94 F.3d at 1411. If a necessary person cannot be joined, the Court proceeds to the second step, determining

"whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, [because] the absent person ... [is] indispensable" to the litigation at hand. FED. R. CIV. P. 19(b). This determination is made after consideration of four factors: (1) to what extent a judgment rendered in the person=s absence might be prejudicial to the person or those already parties; (ii) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (iii) whether a judgment rendered in the person's absence will be adequate; and (iv) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *Id*.

First, Defendants contend that AST West is a necessary party because complete relief cannot be accorded among the parties without AST West because the claims against Defendants all arise from the Agreement between AST West and VPI. According to Defendants, in the absence of the Agreement, there could be no claims against them. Contrary to Defendants' assertion, VPI's claims against Defendants sound entirely in tort and do not arise out of the Agreement between AST West and VPI. Defendants have a legal obligation to refrain from committing the tortious acts of fraud and conversion regardless of the contract between VPI and AST West. *See, e.g., Powers v. Martinson*, 313 N.W.2d 720, 728 (N.D. 1981) (defendant's obligation "to not make fraudulent representations . . . arises from law, not contract"); *Strachan Shipping Co. v. Hazlip-Hood Cotton Co.*, 132 S.E. 454, 457-58 (Ga. Ct. App. 1926) (suit for conversion arises "independent of any contractual obligation").

Furthermore, because the claims asserted by VPI constitute intentional torts, any alleged wrongdoers, including Defendants and AST West, are subject to joint and several liability. *See* N.M. STAT. ANN. § 41-3A-1(C)(1) (Michie 2004); *Economy Rentals, Inc. v. Garcia*, 112 N.M.

748, 762, 819 P.2d 1306, 1320 (N.M. 1991) (recognizing that joint and several liability is imposed upon intentional tortfeasors). VPI may proceed against any or all of the alleged joint tortfeasors, who may then seek contribution from the others.

Joint tortfeasors are not necessary parties for purposes of Rule 19(a). *See, e.g., Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). Consequently, the insolvency of a joint tortfeasor does not prevent an action from proceeding against solvent joint tortfeasors. *See, e.g., Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198-99 (6th Cir. 1983) (finding that two insolvent defendants were "joint tortfeasors and accordingly not indispensable"); *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (four insolvent defendants who were joint tortfeasors were not indispensable parties). Similarly, it is well-settled that co-conspirators, like joint tortfeasors, are not indispensable parties. *See MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999) (co-conspirators are not persons whose absence from a case will result in dismissal for non-joinder).

Next, Defendants assert that if they prevail on their defense that they acted as disclosed agents of AST West, VPI will be unable to obtain complete relief in this case. Defendants' contention is contrary to well-established law that agents may be sued individually in tort for both fraud and conversion. *See* RESTATEMENT (SECOND) OF AGENCY § 348 (1958) ("An agent who fraudulently makes representations, uses duress, or knowingly assists in the commission of tortious fraud or duress by his principal or by others is subject to liability in tort to the injured person although the fraud or duress occurs in a transaction on behalf of the principal."); *Kreischer v. Armijo*, 884 P.2d 827, 829 (N.M. Ct. App. 1994) ("We recognize that an agent may be held

individually liable for his own tortious acts, whether or not he was acting for a disclosed principal.") (citing RESTATEMENT (SECOND) OF AGENCY § 348). Consequently, the fact that Defendants were acting as disclosed agents of AST West does not insulate them from liability for tortious acts of fraud or conversion or conspiracy to commit fraud or conversion.

Finally, Defendants contend that complete relief cannot be accorded without AST West because VPI may prevail against Defendants for actions for which AST West received the benefit and should be liable. Defendants' argument is unavailing. In the event that Defendants in this suit are subject to liability, they may seek contribution from AST West in the Bankruptcy Court Proceeding. Defendants' potential right to contribution from AST West does not make AST West an indispensable party in this case. "[I]t is well established that Rule 19 does not require the joinder of . . . persons against whom the defendant may have a claim for contribution." *Westmont Indus., Inc. v. Weinstein*, 762 F.Supp. 646, 649 (M.D. Pa. 1989). Complete relief can be accorded between the parties without the presence of AST West. The remaining inquiry is whether AST West claims an interest relating to the subject of this action such that disposition of this action without AST West may (i) impair or impede AST West's ability to protect its interest or (ii) subject one of the existing parties to a substantial risk of incurring double, multiple, or other wise inconsistent obligations due to AST West's claimed interest.

AST West, by filing the Adversary Proceeding, has indicated an interest in claims arising from the Agreement. As discussed above, the tort claims asserted in this case do not arise out of the Agreement. Pugliese's counterclaims against VPI include a breach of contract claim. Pugliese's claim does not, however, impair or impede AST West's ability to protect its interest in claims arising out of the contract. Consequently, disposition of this action in the absence of AST

West will not impair or impede AST West's ability to protect its interest in claims arising from the Agreement.

Virtually identical claims are being litigated between VPI, Rudnick, and AST West in the Adversary Proceeding and between VPI, Rudnick, and Pugliese in this case. Defendants claim that having two virtually identical cases proceeding separately poses a substantial risk that the parties could be exposed to multiple obligations or inconsistent results. To the extent any duplicative litigation occurs in this case, it "is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned." *Lynch*, 710 F.2d at 1199. This "congressionally created and sanctioned" duplicative litigation may, on occasion, expose a party to inconsistent results. In this case, the potentially inconsistent results or obligations may be ameliorated, to the extent possible, by the joint and several liability of the joint tortfeasors.

For these reasons, AST West is not a necessary party. Because the Court finds that AST West is not a necessary party, the Court need not determine if AST West is an indispensable party.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to Join an Indispensable Party Under Rule 19, filed May 7, 2004, **[Doc. No. 47]** is **DENIED.**

Dated this 1st day of March, 2005.

_____

-8-

MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff/Third Party Defendant:
 Julie J. Vargas, Esq.
 Rodolfo Parga, Jr., Esq.

Attorneys for Defendants:
 Russell C. Lowe, Esq.
 Paul D. Barber, Esq.